UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Flomo Tealeh, | Case No. 21-cv-1318 (WMW/JFD) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Postmaster General Louis DeJoy; Merrick Garland, *U.S. Attorney General*; and Andrew M. Luger, *United States Attorney for the District of Minnesota*,[1] | |
| Defendants. | |

---

Before the Court is Defendants' motion to dismiss, (Dkt. 17), Plaintiff's *pro se* motion for summary judgment, (Dkt. 27), and Plaintiff's *pro se* "Motion to Hear Plaintiff's Complaint," (Dkt. 32). For the reasons addressed below, Defendants' motion is granted in part and denied in part, and Plaintiff's motions are denied.

## BACKGROUND

At all times relevant to this lawsuit, Plaintiff Flomo Tealeh was a mail handler for the United States Postal Service (USPS) at a USPS facility in Minneapolis, Minnesota. Defendants are Postmaster General Louis DeJoy, United States Attorney General Merrick Garland, and United States Attorney for the District of Minnesota Andrew M. Luger.

---

[1]     By operation of law, United States Attorney for the District of Minnesota Andrew M. Luger is substituted for former United States Attorney for the District of Minnesota Erica MacDonald. Fed. R. Civ. P. 25(d).

Tealeh filed this lawsuit against Defendants on June 1, 2021, alleging that he was discriminated against on the basis of his race and national origin while employed by USPS.

Tealeh has twice submitted administrative complaints to the USPS Equal Employment Opportunity Office (USPS EEO). Tealeh submitted his first complaint in 2019 (2019 EEO Complaint), alleging that he was subjected to a hostile work environment because of his race and national origin, and that he experienced retaliation. Tealeh alleged that his co-workers made racist comments about him, that his co-workers engaged in physical altercations with Tealeh and that management did not respond properly to these incidents. On January 13, 2020, USPS EEO issued Tealeh a document titled Dismissal of Formal EEO Complaint that advises Tealeh of his right to file an appeal or a civil action in federal district court within 90 days of his receipt of the decision.

Tealeh submitted his second USPS EEO complaint in 2020 (2020 EEO Complaint), alleging that he was discriminated against on the basis of race and national origin, that he experienced retaliation and that he was subject to a hostile work environment. Tealeh alleged that he was improperly denied career advancement opportunities, suspended and falsely accused of wrongdoing. After receiving a right to file a formal complaint, Tealeh did so on December 22, 2020. On January 28, 2021, the USPS EEO issued a document to Tealeh titled Partial Acceptance/Partial Dismissal of Formal EEO Complaint – Revised. The document provides that the USPS EEO will investigate a portion of Tealeh's allegations and, after completing the investigation, the USPS EEO will provide a copy of the investigative report to Tealeh. The document explains that Tealeh can thereafter elect to have a hearing before an Equal Employment Opportunity Commission (EEOC)

Administrative Judge or to obtain a final decision by the agency head or designee without a hearing.  On March 6, 2021, the USPS EEO issued a document titled Dismissal of Formal EEO Complaint that informs Tealeh that he is entitled to file an appeal or a civil action in federal district court within 90 days of his receipt of the dismissal decision.

Tealeh commenced this action on June 1, 2021, and filed an amended complaint on August 5, 2021, alleging violations of Title VII of the Civil Rights Act of 1964.  42 U.S.C. § 2000e-16.  His allegations include claims of disparate treatment (Count I), retaliation (Count II) and a hostile work environment (Count III).[2]

Defendants seek dismissal of Tealeh's amended complaint for four reasons.  First, Defendants contend that the allegations in Tealeh's amended complaint that Tealeh previously raised in his 2019 EEO Complaint were not administratively exhausted and are now untimely.  Second, Defendants maintain that the allegations in Tealeh's amended complaint that Tealeh raised in his 2020 EEO Complaint were not administratively exhausted.  Third, Defendants argue that any allegations related to conduct that occurred after Tealeh filed his 2020 EEO Complaint should have been, but were not, raised administratively.  Fourth, Defendants seek dismissal of Tealeh's claims against Garland and Luger (DOJ Defendants) because Tealeh fails to allege facts that implicate DOJ Defendants.  Tealeh moves for summary judgment and separately moves for the Court "to hear [his] complaint."  The Court addresses, in turn, Defendants' arguments as they relate

---

[2]     Although Tealeh's claims are not numbered in the amended complaint, the Court assigns numbers to Tealeh's claims for ease of reference.

3

to the counts alleged in Tealeh's amended complaint, Tealeh's motion for summary judgment and Tealeh's motion to have the Court hear his complaint.

## ANALYSIS

A complaint must be dismissed if it fails to state a claim on which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, the complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When determining whether the complaint states such a claim, a district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor.  *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).  The factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  A plaintiff, however, must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.  Legal conclusions that are couched as factual allegations may be disregarded by the district court.  *See Iqbal*, 556 U.S. at 678–79.  When ruling on a Rule 12(b)(6) motion, a district court may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned."  *Dittmer Props., L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013) (internal quotation marks omitted).

I.      **Defendants' Motion to Dismiss**

A.      **Disparate Treatment (Count I)**

Defendants argue that Tealeh's disparate-treatment claim should be dismissed because it has not been exhausted and is untimely.  Tealeh disagrees.

To establish a prima facie case of disparate treatment under Title VII, a plaintiff must show:

> (1) he is a member of a protected class, (2) he met his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination (for example, similarly situated employees outside the protected class were treated differently).

*Lake v. Yellow Transp., Inc.*, 596 F.3d 871, 874 (8th Cir. 2010).  If the employee makes out this prima facie case, the burden shifts to the employer to identify a legitimate reason for the adverse employment action.  *Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000). Tealeh alleges that he is an African/Liberian American but Tealeh does not specifically allege that he experienced disparate treatment as a result of his membership of this protected class.  Tealeh alleges that he performed his job duties in an exemplary fashion and that, following an on-the-job accident, his employer permanently revoked his driving privilege despite other employees regaining their driving privileges following more serious accidents.  Tealeh also alleges that he was denied overtime while other drivers received overtime and that his Emergency Federal Employee Leave (EFEL) request for leave to get immunized against COVID-19 was denied while EFEL requests submitted by other employees were granted.

Defendants do not contend that Tealeh has failed to allege facts sufficient to state a

claim for disparate treatment on the basis of race or national origin.  Rather, Defendants maintain that Tealeh's disparate-treatment claim is time barred or not justiciable because Tealeh failed to exhaust his administrative remedies.

The parties dispute whether Tealeh's disparate-treatment claim arising from facts first alleged in his 2019 EEO Complaint is time barred.  Under Title VII, "[w]ithin 90 days of receipt of notice of final action taken by a department, agency, or unit . . . an employee . . . if aggrieved by the final disposition of his complaint . . . may file a civil action . . . in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant."  42 U.S.C. § 2000e-16(c).  Dismissal of a formal EEO complaint is a final disposition of an employee's complaint.  On January 13, 2020, USPS EEO notified Tealeh of the dismissal of his formal EEO complaint and informed Tealeh that he had 90 days to file an action in federal court challenging the dismissal.  Tealeh did not file the instant lawsuit until June 1, 2021, and he does not allege that he filed an earlier lawsuit challenging the dismissal of the claims raised in his 2019 EEO Complaint.   For this reason, Tealeh is barred from raising in this lawsuit disparate-treatment allegations that he raised in his 2019 EEO Complaint.

The parties also disagree as to whether Tealeh's disparate-treatment claim arising from facts first alleged in his 2020 EEO Complaint is time barred.  On March 6, 2021, USPS EEO notified Tealeh that it was dismissing his formal complaint.  On June 1, 2021, Tealeh filed this lawsuit, alleging claims related to the discriminatory employment practices that he challenged in his 2020 EEO Complaint.  Even assuming Tealeh received the USPS EEO's notice of dismissal on March 6, 2021, the day the notice was sent, Tealeh

filed this lawsuit within 87 days thereafter.  Tealeh, therefore, filed a lawsuit challenging the USPS EEO's decision on the claims alleged in his 2020 EEO Complaint within the 90-day limit.[3]  For this reason, any allegations Tealeh raised in his 2020 EEO Complaint related to disparate treatment on the basis of race or national origin are not time barred.

The parties also dispute whether Tealeh is barred from raising claims related to incidents that occurred after Tealeh filed his 2020 EEO Complaint and which Tealeh has never raised administratively.  "A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1).  An employee is required to exhaust his or her administrative remedies with respect to each "discrete act[ ] of alleged discrimination" before the employee may litigate the alleged discrimination.  *See Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012).  Tealeh has not alleged that he filed a third EEO complaint pertaining to offensive conduct that post-dates his 2020 EEO Complaint.  For this reason, Tealeh's allegations of disparate treatment that involve conduct that occurred after he filed his 2020 EEO Complaint have not been administratively exhausted and, therefore, cannot be raised in the first instance in this lawsuit.

For the reasons addressed above, Tealeh's disparate-treatment claim, as supported by facts first raised in his 2020 EEO Complaint, is not time barred.  The Court, therefore,

---

[3]    Defendants cite decisions from other Circuits in support of their argument that this Court should dismiss Tealeh's lawsuit for failure to exhaust administrative remedies.  At most, those cases offer persuasive authority for this Court.  Because the text of Section 2000e-16 and the USPS EEO's notice of dismissal clearly state that Tealeh has a right to sue in federal district court so long as he files his case within 90 days of receipt of the notice, Defendants' arguments on this point are not persuasive.

denies Defendants' motion to dismiss Count I of Tealeh's complaint to the extent that it is supported by facts raised in Tealeh's 2020 EEO Complaint.

### B.     Retaliation (Count II)

 Defendants argue that Tealeh's retaliation claim should be dismissed because it has not been exhausted and is untimely.  Tealeh disagrees.

To establish a prima facie case of retaliation under Title VII, a plaintiff must show: "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events." *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 436 (8th Cir. 2016) (internal quotation marks omitted).  "The defendant may rebut the plaintiff's claim by advancing a legitimate, nonretaliatory reason for its action, which the plaintiff must then show was only a pretext for discrimination." *Id.*  Tealeh alleges that he reported to management that certain mail handlers were taking long breaks while at work, even though Tealeh and other mail handlers received citations for taking thirty-minute breaks.  Tealeh told management that he believed that this difference in treatment was discriminatory.  Tealeh alleges that management retaliated against him by intimidating him and portraying him as a troublemaker.  Tealeh further alleges that he was humiliated in front of coworkers, removed from assignments, suspended without pay, denied training opportunities, and denied career advancement opportunities due to his report to management.

Defendants do not contend that Tealeh has failed to allege facts sufficient to state a retaliation claim.  Rather, Defendants maintain that Tealeh's retaliation claim is time barred or not justiciable because Tealeh failed to exhaust his administrative remedies.

The parties dispute whether Tealeh's retaliation claim arising from facts first alleged in his 2019 EEO Complaint is time barred.  As addressed in the preceding analysis, under Title VII, an employee has 90 days from the employee's receipt of notice of the employer's dismissal of the employee's formal EEO complaint to file a lawsuit in federal district court challenging the dismissal.  *See* 42 U.S.C. § 2000e-16(c).  Dismissal of a formal EEO complaint is a final disposition of an employee's complaint.  On January 13, 2020, USPS EEO notified Tealeh of the dismissal of his formal EEO complaint and informed Tealeh that he had 90 days to file an action in federal court challenging the dismissal.  Tealeh did not file the instant lawsuit until June 1, 2021, and he does not allege that he filed an earlier lawsuit challenging the dismissal of the claims raised in his 2019 EEO Complaint.   For this reason, Tealeh is barred from raising in this lawsuit the retaliation allegations that he raised in his 2019 EEO Complaint.

The parties also disagree as to whether Tealeh's retaliation claim arising from facts first alleged in his 2020 EEO Complaint is time barred.  On March 6, 2021, USPS EEO notified Tealeh that it was dismissing his formal complaint.  On June 1, 2021, Tealeh filed this lawsuit, alleging claims related to the discriminatory employment practices that he challenged in his 2020 EEO Complaint.  Even assuming Tealeh received the USPS EEO's notice of dismissal on March 6, 2021, the day the notice was sent, Tealeh filed this lawsuit within 87 days thereafter.  Tealeh, therefore, filed a lawsuit challenging the USPS EEO's decision on the claims alleged in his 2020 EEO Complaint within the 90-day limit.  For this reason, any retaliation allegations Tealeh raised in his 2020 EEO Complaint are not time barred.

The parties also dispute whether Tealeh is barred from raising a retaliation claim related to incidents that occurred after Tealeh filed his 2020 EEO Complaint and which Tealeh has never raised administratively.  "A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1).  An employee is required to exhaust his or her administrative remedies with respect to each "discrete act[ ] of alleged discrimination" before the employee may litigate the alleged discrimination.  *See Richter*, 686 F.3d at 851.  Tealeh has not alleged that he filed a third EEO complaint pertaining to offensive conduct that post-dates his 2020 EEO Complaint.  For this reason, Tealeh's retaliation allegations that involve conduct that occurred after he filed his 2020 EEO Complaint have not been administratively exhausted and, therefore, cannot be raised in the first instance in this lawsuit.

For the reasons addressed above, Tealeh's retaliation claim, as supported by facts first raised in his 2020 EEO Complaint, is not time barred.  The Court, therefore, denies Defendants' motion to dismiss Count II of Tealeh's complaint, to the extent that it is supported by allegations of retaliation first raised in Tealeh's 2020 EEO Complaint.

### C.    Hostile Work Environment (Count III)

Defendants argue that Tealeh's hostile-work-environment claim should be dismissed because it has not been exhausted and is untimely.  Tealeh disagrees.

To establish a hostile-work-environment claim, a plaintiff must show:

> 1) [he] belongs to a protected group; 2) [he] was subjected to unwelcome harassment based on [membership in that group]; 3) the harassment affected a term, condition, or privilege of

> [his] employment; 4) [his] employer knew or should have
> known of the harassment; and 5) the employer failed to take
> proper action.

*Stewart v. Rise, Inc.*, 791 F.3d 849, 859 (8th Cir. 2015).   To be actionable, the

"objectionable environment must be both objectively and subjectively offensive, one that

a reasonable person would find hostile or abusive, and one that the victim in fact did

perceive to be so." *Clearwater v. Indep. Sch. Dist. No. 166*, 231 F.3d 1122, 1128 (8th Cir.

2000) (internal quotation marks omitted) (quoting *Faragher v. City of Boca Raton*, 524

U.S. 775, 787 (1998)).   Here, Tealeh alleges that he is an African/Liberian American.

Tealeh alleges that he was accused of stealing overtime, humiliated, suspended, and falsely

accused of threatening a coworker.   Tealeh alleges that he lost wages and benefits and was

denied career advancement opportunities as a result of the harassment he experienced.

Tealeh alleges that he reported issues to management and filed EEO complaints.   Beyond

Tealeh's allegation that he is an African/Liberian American, however, Tealeh does not

specifically allege that the hostile work environment resulted from his status as a member

of a protected group.   But Defendants do not contend that Tealeh has failed to allege facts

sufficient to make out a hostile-work-environment claim.   Rather, Defendants maintain that

Tealeh's claim is time barred or not justiciable because Tealeh failed to exhaust his

administrative remedies.

The parties dispute whether Tealeh's hostile-work-environment claim arising from

facts first alleged in his 2019 EEO Complaint is time barred.   As addressed in the preceding

analysis, under Title VII, an employee has 90 days from the employee's receipt of notice

of the employer's dismissal of the employee's formal EEO complaint to file a lawsuit in

federal district court challenging the dismissal. *See* 42 U.S.C. § 2000e-16(c). But hostile-work-environment claims are treated differently than are other types of Title VII employment discrimination claims for purposes of the statute of limitations. Alleged hostile-work-environment conduct that occurs outside of the limitations period and that is part of a pattern of activity may be considered as long as at least one hostile-work-environment allegation arises during the actionable period. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116–18 (2002).

On January 13, 2020, USPS EEO notified Tealeh of the dismissal of his formal EEO complaint and informed Tealeh that he had 90 days to file an action in federal court challenging the dismissal. Tealeh did not file the instant lawsuit until June 1, 2021, and he does not allege that he filed an earlier lawsuit challenging the dismissal of the claims raised in his 2019 EEO Complaint. Because hostile-work-environment conduct that forms part of a pattern of activity that relates to an actionable hostile environment claim may be considered even when it occurs outside of the limitation period, Tealeh's hostile-work-environment allegations first raised in his 2019 EEO Complaint are actionable so long as they involve conduct that is part of a pattern of activity related to his actionable hostile-work-environment allegations.

The parties also disagree as to whether Tealeh's hostile-work-environment claim arising from facts first alleged in his 2020 EEO Complaint is time barred. On March 6, 2021, USPS EEO notified Tealeh that it was dismissing his formal complaint. On June 1, 2021, Tealeh filed this lawsuit, alleging claims related to the discriminatory employment practices that he challenged in his 2020 EEO Complaint. Even assuming Tealeh received

the USPS EEO's notice of dismissal on March 6, 2021, the day the notice was sent, Tealeh filed this lawsuit within 87 days thereafter.  Tealeh, therefore, filed a lawsuit challenging the USPS EEO's decision on the claims alleged in his 2020 EEO Complaint within the 90-day limit.  For this reason, any claim Tealeh raised in his 2020 EEO Complaint related to a hostile work environment is not time barred.

The parties also dispute whether Tealeh is barred from raising a hostile-work-environment claim related to incidents that occurred after Tealeh filed his 2020 EEO Complaint and which Tealeh has never raised administratively.  Ordinarily, an employee must exhaust his or her administrative remedies with respect to each "discrete act[ ] of alleged discrimination" before the employee may litigate the alleged discrimination.  *See Richter*, 686 F.3d at 851.  However, with respect to hostile-work-environment claims, so long as "an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."  *Nat'l R.R. Passenger Corp.*, 536 U.S. at 117.  "That act need not, however, be the last one," because "[a]s long as the employer has engaged in enough activity to make out an actionable hostile environment claim, an unlawful employment practice has 'occurred,' even if it is still occurring."  *Id.*

In his 2020 EEO Complaint, Tealeh raised actionable conduct that allegedly contributed to a hostile work environment.  In his amended complaint, Tealeh alleges that similar actionable activity continued after he filed the 2020 EEO Complaint.  In determining liability, the Court may consider the actions that post-date Tealeh's filing of the 2020 EEO Complaint that allegedly contributed to the hostile work environment.

For these reasons, the Court denies the Defendants' motion to dismiss Tealeh's hostile-work-environment claim to the extent that it is supported by alleged activity that forms part of a pattern of hostile-work-environment conduct that Tealeh raised in his 2020 EEO Complaint.

### D.      Dismissal of DOJ Defendants

Defendants also move to dismiss Tealeh's claims as alleged against DOJ Defendants because Tealeh fails to allege any facts pertaining to either defendant.  Because Tealeh alleges no facts that implicate the conduct of DOJ Defendants, Tealeh fails to state a claim against DOJ Defendants upon which relief may be granted.  The Court, therefore, grants Defendants' motion to dismiss Tealeh's claims against DOJ Defendants.

## II.      Tealeh's Motion for Summary Judgment

Tealeh moves for summary judgment.  The Court notified Tealeh that his motion for summary judgment did not comply with Local Rule 7.1 because it failed to include a meet-and-confer statement, memorandum of law, notice of hearing, word-count compliance certificate, or proposed order.  Tealeh never remedied this noncompliance. Tealeh's motion for summary judgment, therefore, is procedurally improper.  Tealeh's motion for summary judgment also is premature because discovery has yet to commence. *See Brown v. Ameriprise Fin. Servs., Inc.*, 707 F. Supp. 2d 971, 978 (D. Minn. 2010) (concluding that a party's motion for summary judgment was "premature at [the] early, pre-discovery juncture").  For these reasons, the Court denies Tealeh's motion for summary judgment.

### III.     Tealeh's "Motion to Hear Plaintiff's Complaint"

Tealeh moves for the Court "to hear [his] complaint," but the Court cannot discern the purpose of the motion or the relief Tealeh seeks.  The Court, therefore, denies Tealeh's motion.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.     Defendants' motion to dismiss, (Dkt. 17), is **GRANTED IN PART AND DENIED IN PART** as follows:

      a.     Defendants' motion to dismiss Plaintiff's amended complaint is **GRANTED** as to Plaintiff's claims against Defendants Merrick Garland and Andrew M. Luger; and

      b.     Defendants' motion to dismiss Plaintiff's amended complaint is **DENIED** as to Plaintiff's claims against Defendant Postmaster General Louis DeJoy as addressed herein.

2.     Plaintiff's motion for summary judgment, (Dkt. 27), is **DENIED**.

3.     Plaintiff's motion to hear his complaint, (Dkt. 32), is **DENIED**.

Dated:  July 18, 2022                                          s/Wilhelmina M. Wright
                                                   Wilhelmina M. Wright
                                                   United States District Judge