**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Flomo Tealeh, | Case No. 21-cv-1318 (WMW/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Postmaster General Louis DeJoy, | |
| Defendant. | |

**INTRODUCTION**

This matter is before the Court on Plaintiff Flomo Tealeh's Motion to Amend Claims ("Motion") (ECF No. 49). For the reasons set forth below, the Court denies Mr. Tealeh's Motion.

**BACKGROUND**

Mr. Tealeh commenced this action on June 1, 2021 (ECF No. 1) and filed an amended complaint on August 5, 2021 ("Amended Complaint") (ECF No. 6), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. The allegations in his Amended Complaint included disparate treatment, retaliation, and hostile work environment claims against Postmaster General Louis DeJoy, U.S. Attorney General Merrick Garland, and U.S. Attorney Andrew M. Luger. (ECF No. 6.) Prior to filing his action in federal court, Mr. Tealeh twice submitted administrative complaints to the United States Postal Service Equal Employment Opportunity Office ("USPS EEO"), first in 2019 and again in 2020, both of which the USPS EEO dismissed (ECF No. 52).

Defendants moved to dismiss Mr. Tealeh's Amended Complaint on October 12, 2021, arguing in part that his claims were time-barred. (ECF No. 17.) Mr. Tealeh filed a motion for summary judgment on January 28, 2022 (ECF No. 27). On July 18, 2022, the Court denied Mr.

Tealeh's motion for summary judgment and granted in part and denied in part Defendants' motion. Specifically, the Court: (1) dismissed all claims against Defendants Merrick Garland and Andrew M. Luger; (2) found that Mr. Tealeh is barred from asserting the allegations raised in his 2019 USPS EEO Complaint, except to the extent he asserts a pattern of activity related to his otherwise actionable hostile work-environment claim; and (3) found that he is barred from asserting claims related to incidents that occurred after he filed his 2020 USPS EEO Complaint, except to the extent he asserts a pattern of activity related to his otherwise actionable hostile work environment claim; but (4) declined to dismiss Mr. Tealehs' disparate treatment, retaliation and hostile work environment claims against Postmaster General Louis DeJoy ("Defendant DeJoy") to the extent the claims are supported by alleged activity raised in Mr. Tealeh's 2020 USPS EEO Complaint. (ECF No. 35.)

Defendant DeJoy Answered Mr. Tealeh's Amended Complaint on August 1, 2022. (ECF No. 36.) On August 25, 2022, Mr. Tealeh filed a self-styled motion to supplement his claims ("Motion to Supplement") (ECF No. 38). On August 29, 2022, the Court denied Mr. Tealeh's Motion to Supplement on grounds that Mr. Tealeh had failed to comply with Local Rules 7.1 and 15.1 in multiple respects (ECF No. 39). The Court specifically noted that, among other deficiencies, Mr. Tealeh did not include a redlined version of the proposed amended complaint with his motion, as required by Local Rule 15.1, and advised that if Mr. Tealeh wished the Court to consider additional claims in the future, he must comply with the rules. (*Id.*) On September 26, 2022, the Court issued a Pretrial Scheduling Order (ECF No. 46) that established a deadline of December 29, 2022 to file and serve amended pleadings. (*Id.* at 2.)

Mr. Tealeh timely filed the Motion that is now before the Court on October 25, 2022 (ECF No. 49). He simultaneously filed a supporting memorandum (ECF No. 51) and exhibits (ECF No.

52 (2019 and 2020 USPS EEO Filings)), a notice of hearing (ECF No. 50), and a meet and confer statement (ECF No. 53).  Mr. Tealeh did not file a redlined copy of his proposed amended complaint, however.  Moreover, Defendant's counsel notes that Mr. Tealeh's meet and confer statement identifies a conversation that took place six weeks before the filing of his Motion and presumably relates to the parties' meeting pursuant to Rule 26(f).[1]  (ECF No. 58 at 6.)  Defendant's counsel claims that he never discussed or received notice of any proposed amendments until Mr. Tealeh filed his Motion six weeks later.  (ECF No. 58 at 6.)

## ANALYSIS

In this District, "[a]ny motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading; and (2) a version of the proposed amended pleading that shows— through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading."  D. Minn. L.R. 15.1(b).  The Local Rules further require that before filing a motion to amend a pleading, the moving party "must, if possible, meet and confer with the opposing party in a good-faith effort to resolve the issues raised by the motion."  D. Minn. L.R. 7.1(a).

Mr. Tealeh's Motion does not include a version of his proposed amended pleading that shows—through redlining or any other method—how it differs from his Amended Complaint. While the Court recognizes that Mr. Tealeh is pro se, the Court recently advised Mr. Tealeh of this exact requirement and warned that if Mr. Tealeh wished the Court to consider additional claims, he must comply with the rules.  (ECF No. 39.)  Despite the Court's express warning, Mr. Tealeh failed to comply with Local Rule 15.1(b). This Rule is not a mere technicality:  Without a redline,

---

[1]  In its entirety, Mr. Tealeh's Meet and Confer Statement states that "on September 14, 2022, he conferred with Defendant's Counsel, Adam J. Hoskins regarding Plaintiff's motion to amend his claims.  Mr. Tealeh spoke with the Defendant's counsel by telephone."  (ECF No. 53.)

the Court is unable to discern with any clarity how Mr. Tealeh's proposed amendment seeks to alter the Amended Complaint.

The Court also cannot conclude that Mr. Tealeh complied with the meet and confer requirement of Local Rule 7.1(a).  This requirement was not satisfied by any discussion Mr. Tealeh may have had with defense counsel about the *deadline* for amendments to the pleadings in conjunction with the parties Rule 26(f) meeting; instead, he was required to provide defense counsel with the *content* of his proposed amendment and confer with defense counsel about whether Defendant DeJoy would object to the filing of that specific amendment.   Mr. Tealeh does not appear to have provided Defendant DeJoy with advance notice of the content of the proposed amendment as required.

Because Mr. Tealeh's Motion did not comply with this District's Local Rules, the Court denies the Motion without prejudice.  *See, e.g.*, *Fredin v. Miller*, Civ No. 18-cv-0466 (SRN/HB), 18-cv-0510 (SRN/HB), 2018 WL 11282676, at *1 (April 9, 2018) (denying motion for leave to amend when pro se plaintiff failed to comply with Local Rules, including Rules 15.1(b) and 7.1(a)).  If Mr. Tealeh seeks to refile his motion, he must meet *all* of the filing requirements of Local Rules 15.1 and 7.1(a).  This means that he must prepare a copy of his proposed amendment using redlining, strikeouts or other typographic methods that comprehensively illustrate every change to every word, letter, or notation in the Amendment Complaint.  He must also provide Defendant DeJoy's attorney with a copy of that document and engage in a meet and confer with defense counsel about the proposed amendment *before* he files his motion to amend.[2]

---

[2] Although the Court denies Mr. Tealeh Motion with leave to refile it in manner consistent with the Local Rules, the Court cautions Mr. Tealeh that any amendment to the Complaint must be consistent with the Court's ruling on Defendants' Motion to Dismiss (ECF No. 35).   The Court previously ruled that Mr. Tealeh is barred from asserting claims raised in his 2019 USPS EEO Complaint or any new claims arising after his 2020 USPS EEO Complaint, except to the extent he

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED THAT** Plaintiff Flomo Tealeh's Motion to Amend Claims (ECF No. [49])

is **DENIED** without prejudice.

Dated: November 9, 2022

*s/ Dulce J. Foster*
DULCE J. FOSTER
U.S. Magistrate Judge

---

asserts an ongoing pattern of conduct related to his 2020 hostile work environment claim.  Any
proposed amendment that seeks to introduce claims the Court has found barred will be denied as
futile.