UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Flomo Tealeh, | Case No. 21-cv-1318 (WMW/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Postmaster General Louis DeJoy, | |
| Defendant. | |

### INTRODUCTION

This matter is before the Court on *pro se* Plaintiff Flomo Tealeh's self-styled Motion to Expand Facts Depositions ("Motion") (ECF No. 67). The Court grants Mr. Tealeh's Motion.

### BACKGROUND

The procedural history of the above-entitled matter is clearly set forth in the Court's November 9, 2022 Order (ECF No. 61) and is incorporated by reference herein. In brief, Mr. Tealeh commenced this action on June 1, 2021 (ECF No. 1) and filed an amended complaint on August 5, 2021 ("Amended Complaint") (ECF No. 6), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, against Defendants Postmaster General Louis DeJoy, U.S. Attorney General Merrick Garland, and U.S. Attorney Andrew M. Luger. Following motion practice, including Defendants' motion to dismiss (ECF No. 17), Mr. Tealeh's only remaining claims relate to disparate treatment, retaliation and hostile work environment against Postmaster General Louis DeJoy ("Defendant DeJoy") to the extent the claims are supported by alleged activity Mr. Tealeh raised in an administrative complaint he filed with the United States Postal Service Equal Employment Opportunity Office in 2020. (*See* ECF No. 35.) Defendant DeJoy Answered Mr. Tealeh's Amended Complaint on August 1, 2022. (ECF No. 36.) On September

26, 2022, the Court issued a Pretrial Scheduling Order (ECF No. 46) which stated:

> No more than 6 fact depositions shall be taken. This total does not include expert depositions but does include depositions of organizational-designee depositions taken pursuant to Fed. R. Civ. P. 30(b)(6). An organizational-designee deposition shall count as 1 deposition, irrespective of the number of witnesses designated. At this point, Plaintiff does not anticipate any Rule 30(b)(6) depositions but reserves the right to reconsider as discovery progresses. Defendant does not plan to take any Rule 30(b)(6) depositions.[1]

(ECF No. 46 at 1.) The fact discovery period remains open until June 30, 2023. (*Id.*) Mr. Tealeh states that he has taken two fact depositions and one Rule 30(b)(6) deposition, and that he has noticed three other fact depositions. (ECF No. 79.)

On March 22, 2023, Mr. Tealeh filed the Motion now before the Court (ECF No. 67). Mr. Tealeh seeks to expand the number fact depositions from six to nine (ECF No. 67-1) because:

> 1. The number of relevant factual statements in this matter have significantly increased during the course of the ongoing discovery. Documents received from defendant during the ongoing discovery contain factual statements made by certain employees (non-party) are relevant to this matter and Plaintiff wants to depose those employees to defend their statements; [and]
>
> 2. 6 fact depositions are insufficient and will put Plaintiff at unfair disadvantage. Expanded facts depositions will prevent Plaintiff from been put at unfair disadvantage. Expansion would be fair to all parties. Expansion will help save the parties and Court's time and resources at trial. In addition, Fed Rule for Civil procedure and/or evidence rule provides that all facts relevant in a matter should be verified or defended under oath.

(ECF No. 69 at 1). Mr. Tealeh claims expanding the number of fact depositions will enable him to depose "all individuals who have made factual statements which are relevant at this time." (*Id.* at 2.) Defendant opposed the Motion on March 30, 2023, in part because Mr. Tealeh had not yet exhausted the six fact depositions available to him and did not offer a particularized showing of

---

[1] The Pretrial Scheduling Order adopted the parties' agreement related to fact depositions as stated in their Rule 26(f) planning report. (*See* ECF No. 41 at 4.)

why additional depositions were necessary (ECF No. 75). On April 10, 2023, the Court granted Plaintiff's informal request to reply to Defendant's opposition brief (ECF No. 78). Plaintiff filed his response on April 24, 2023. (ECF No. 77.) In his reply, Mr. Tealeh identifies three additional fact witnesses by name. (ECF No. 79.) He seeks to depose them because he believes they may establish facts or inferences showing that Defendant violated his rights against discrimination and "would help defend [him] against fabricated facts." (*Id.* at 3.) While he acknowledges the fact deposition limit has not yet been exhausted, he explains that he preemptively seeks to expand his deposition limit to avoid last minute requests in the future.[2] (*Id.* at 2-3.)

## DISCUSSION

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Medtronic, Inc. v. Guidant Corp.*, Civ. No. 00-1473 MJD/JGL, 2003 WL 23867342, at *1 (D. Minn. May 9, 2003), aff'd, 2003 WL 23867341 (June 9, 2003) ("Modifying a pretrial scheduling order requires a showing of good cause by the moving party.") (considering request for additional depositions)). Moreover, "a party seeking leave to take more depositions … than are contemplated by the Court's Scheduling Order, must make a particularized showing of why the discovery is necessary." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, 187 F.R.D. 578, 586 (D. Minn. 1999) (citing *Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996)). Additionally, a party must typically exhaust its existing allotment of depositions before seeking leave to take additional depositions. *Id.* at 587.

---

[2] In his reply memorandum, Mr. Tealeh also seeks clarification as to whether certain witnesses should be considered fact witnesses or "30(b)(6) witnesses." (ECF No. 79.) The Court notes that under Fed. R. Civ. P. 30(b)(6), the party seeking a Rule 30(b)(6) deposition may designate the *topics* the deposition will address, but the organization subject to the deposition subpoena designates the *deponents* who will testify on those topics on its behalf. In this case it is the U.S. Postal Service's decision who will serve as its 30(b)(6) witnesses on topics Mr. Tealeh has identified.

The Court finds good cause to grant Mr. Tealeh's Motion. While he has not yet exhausted his current allotment of fact depositions, his desire to avoid anticipated delay and inefficiency is a reasonable justification for seeking the Court's permission to expand his deposition limit now. The Court further notes his request for a total of nine depositions is below the ten contemplated by Fed. R. Civ. P. 30 (a)(2)(A)(i) and finds Mr. Tealeh has provided an adequate particularized showing as to why additional depositions may be necessary. The Court grants his request to modify the Pretrial Scheduling Order to allow nine fact depositions on these grounds.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff Flomo Tealeh's Motion to Expand Facts Depositions (ECF No. [67]) is **GRANTED**.

Dated: April 26, 2023

*s/ Dulce J. Foster*
DULCE J. FOSTER
U.S. Magistrate Judge